# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANTHONY SAGOES,**<br>    **Movant,** | **CRIMINAL NO.**<br>**1:09-CR-49-JEC-GGB** |
| **v.** | **CIVIL ACTION NO.**<br>**1:11-cv-01188-JEC-GGB** |
| **UNITED STATES OF AMERICA,**<br>    **Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Anthony Sagoes ("Sagoes") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 69]. Sagoes seeks to challenge the constitutionality of the 216-month sentence that was imposed by the district court following a jury verdict of guilty on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). [Doc. 54]. Sagoes was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e)(1).[1]

Presently before the Court for consideration are: (1) Sagoes's § 2255 motion to vacate [Doc. 69]; (2) Sagoes's supplement to his § 2255 motion to vacate [Doc. 71]; (3) the United States of America's (hereinafter "Government") response to Sagoes's

---

[1]The Armed Career Criminal Act ("ACCA") subjects a defendant to a 15-year mandatory minimum sentence if he has three prior violent felony or serious drug convictions. 18 U.S.C. § 924(e)(1).

motion to vacate [Doc. 73]; and Sagoes's "Motion to Forgo Government's Response to Plaintiff's § 2255 Motion and Proceed to the Court for a Ruling" [Doc. 75].

I.  **BACKGROUND**

On January 8, 2009, twenty-two Atlanta Police Department officers arrived at Sagoes's residence to execute a search warrant for crack cocaine and other evidence of drug trafficking. As the officers approached the front door with guns drawn, Sagoes opened it. Officr Vayens handcuffed Sagoes and asked him if there were any weapons or drugs in the house. Sagoes responded that there might be a toy gun. Vayens asked Sagoes where his bedroom was located. Sagoes said that it was in the right rear of the house. Vayens spoke to Sagoes for less than a minute without advising him of his Miranda rights. United States v. Sagoes, 389 F. App'x 911, 912 (11th Cir. 2010).

The officers searched the house and found crack cocaine, marijuana, scales and empty plastic baggies in various locations. In Sagoes's bedroom, they found a gun. Upon finding the gun, the officers contacted the ATF. The ATF agents then Mirandized Sagoes and interviewed him. Sagoes told them that he had been holding a firearm for a friend, and signed a written statement to that effect. Sagoes, 389 F. App'x at 913.

On February 3, 2009, Sagoes was indicted on one count charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [Doc. 8]. Allison Dawson, an attorney with the Federal Defender Program, Inc.,

2

was appointed to represent Sagoes. Sagoes did not challenge the search warrant, but did file a motion to suppress his statements to the ATF. A hearing on this motion was held before me on March 30, 2009. I filed a Report and Recommendation recommending that the motion to suppress statements be denied, and my Report and Recommendation was adopted by the district court. [Docs. 30, 52].

After a two-day jury trial, Sagoes was convicted on August 19, 2009. [Doc. 49]. The Pre-Sentence Report (PSR) concluded that Sagoes qualified as an Armed Career Criminal within the meaning of U.S.S.G. § 4B1.4 based on at least three prior violent crimes or serious drug convictions, and that Sagoes had a base offense level of 34. [PSR at 25]. At the sentencing hearing on November 5, 2009, the district court found the sentencing guideline range to be 33-6 (235 months to 293 months) with a mandatory minimum of 15 years as a result of being an Armed Career Criminal. [Doc. 62 at 21]. The district court departed downward from the applicable guideline range, and sentenced Sagoes to a term of imprisonment of 216 months, to be followed by 5 years of supervised release. [Doc. 54, Doc. 62 at 23].

On July 27, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed Sagoes's conviction. [Doc. 68]; United States v. Sagoes, 389 F. App'x 911 (11th Cir. 2010) (per curiam). The United Supreme Court denied Sagoes's petition for a writ of certiorari on November 29, 2010. Sagoes v. United States, 131 S. Ct. 677

3

(2010). On April 12, 2011, Sagoes filed the instant "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody." [Doc. 69]. He filed a supplement to his petition on June 6, 2011. [Doc. 71]. The Government filed its response on June 27, 2011. [Doc. 73].[2]

In his initial motion, Sagoes contends that Ms. Dawson provided ineffective assistance by (1) failing to challenge the search warrant for defendant's residence, the execution of which lead to the discovery of the firearm that Sagoes was charged with possessing (Grounds One and Two) and failing to effectively cross-exam law enforcement on the grounds for the search warrant (Ground Six); (2) failing to fully investigate the circumstances of Sagoes's incriminating statements to police (Ground Three); (3) advising Sagoes not to take the witness stand during his suppression hearing (Ground Four); (4) failing to object to the indictment, which listed Sagoes's prior convictions for purposes of establishing Sagoes's Armed Career Criminal status

---

[2]The Government acknowledges that it filed its response late, and seeks leave to file its response out of time. [Doc. 73 at n. 1]. The request is granted. However, the Court directed the Government to file an additional response to Sagoes's three grounds for relief alleged in his supplemental petition [Doc. 74]; as of this date, the Government has not done so.

Sagoes's "Motion to Forgo Government's Response" [Doc. 75] may be seeking to have the court accept his supplement as unopposed and in effect, grant his motion by default. The Court declines to do so, and therefore **DENIES** his motion [Doc. 75]. The Court chooses instead to address Sagoes's supplemental petition without the benefit of the Government's response.

4

(Grounds Seven, Eight, Ten and Eleven); and (7) failing to require the Court to specify which crimes it was relying on to establish the Armed Career Criminal enhancement (Ground Nine). Sagoes also contends that this Court committed constitutional error by (1) failing to dismiss sua sponte the indictment against defendant because it listed his prior felony convictions (Ground Twelve); (2) failing to specify which prior convictions served as predicate offenses for purposes of establishing Sagoes as an Armed Career Criminal (Ground Thirteen); and refusing to permit defense counsel to admit into evidence impeachment evidence against Officer Vayens, the affiant on the search warrant issued for Sagoes's residence (Ground Fourteen).

In his supplement, Sagoes alleges that Ms. Dawson rendered ineffective assistance by: (1) failing to object to any of his prior convictions that occurred before the year of 1988 being used as predicate offenses to enhance his sentence under § 924 (e); (2) neglecting to request a bifurcated trial for the jury to determine whether the utilized prior convictions qualified as predicate offenses; and (3) the trial court committed plain error in failing to conduct a bifurcated trial. (Doc. 71).

## II. **DISCUSSION**

Sagoes's claims fall into the following categories which I will use for ease of discussion: (1) ineffective assistance in connection with the search warrant that was issued for Sagoes's residence; (2) ineffective assistance in connection with the motion

5

to suppress statements; (3) ineffective assistance in connection with the predicate convictions used to enhance Sagoes's sentence under § 924 (e); and (4) trial court errors in restricting questioning of Officer Vayens and failing to conduct a bifurcated trial to allow the jury to determine whether Sagoes's prior convictions qualified as predicate offenses.

### A. Standard for Ineffective Assistance

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984). The analysis is two-pronged, and the court may "dispose of ineffectiveness claims on either of its two grounds." Atkins v. Singletary, 965 F.2d 952, 959 (11th Cir. 1992); see also Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Sagoes must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The Court must be "highly deferential," and must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "To overcome Strickland's presumption of reasonableness, [Sagoes] must show that 'no competent counsel would have taken the

6

action that his counsel did take.'" Allen v. Secretary, Florida Dep't of Corr., 611 F.3d 740, 751 (11th Cir. 2010) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

In order to meet the second prong of the test, Sagoes must demonstrate that counsel's unreasonable acts or omissions prejudiced him. That is, Sagoes "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

### B. Alleged Ineffective Assistance in Connection with the Search Warrant

The search warrant affidavit submitted by Officer Vayens stated that four separate citizens reported that drugs were being sold out of 7 Gould Street (Sagoes's residence). According to Vayens's affidavit, after receiving this information, Vayens conducted surveillance on the residence and observed numerous individuals enter the residence, stay for only a few minutes and then exit. Vayens also saw what he believed to be a hand-to-hand drug sale being conducted through the front door. Vayens stated that after this observation, a reliable confidential source made several drug buys from Sagoes's residence. [Doc. 27 at 6-7, Gov. Ex. 1 to 3/30/09 evidentiary hearing].

Sagoes faults his counsel for not challenging the search warrant for his residence. He claims that he informed his counsel that he did not sell drugs out of his residence, but counsel did not investigate this and other matters. However, the

7

(Rev.8/82)

officer's affidavit in support of the search warrant does not state that Sagoes himself sold drugs out of his residence. Considering that Sagoes was one of approximately thirty people in and around his house at the time of the search, it may be true that Sagoes did not directly sell drugs out of his residence. This fact does not negate the officer's sworn statement that surveillance and controlled buys established that drugs were being sold out of the residence. Sagoes presents no basis for a conclusion that the officer's affidavit was false. Even if it was false as to Sagoes's personal participation, there was sufficient other probable cause to support a search of the residence. Also, the fact that officers found crack cocaine, marijuana, scales and empty plastic baggies in the house contradicts Sagoes's allegation that there was no drug dealing from his residence.

In any event, failure to challenge the search warrant was a reasonable tactical decision that does not constitute ineffective assistance of counsel under the applicable standards. Thus, counsel was not ineffective for failing to challenge the search warrant.

### C. Alleged Ineffective Assistance in Connection with the Motion to Suppress Statements

Sagoes alleges that his counsel was ineffective in advising him against testifying at the hearing on his motion to suppress his statements, and failed (in unspecified ways) to properly prepare for the suppression hearing. However, Sagoes does not state

8

how the result would have been different if he had testified at the hearing on his motion to suppress statements. He has not identified any disputed fact that would have changed the court's analysis of the suppression issues. Thus, he has not shown that his counsel provided ineffective assistance in connection with the hearing on his motion to suppress statements.

### D. Alleged Ineffective Assistance in Connection with the Predicate Convictions

Sagoes was convicted of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). The indictment listed six felony convictions. The first three were burglary convictions, the fourth was for possession of a controlled substance with intent to distribute, and the fifth and sixth were for possession of a firearm by a convicted felon. [Doc. 8].

Sagoes argues that his counsel was ineffective for failing to object to the indictment because it listed his prior convictions. However, the jury never learned of the number or nature of the prior charges. Instead, the parties stipulated that Sagoes was a felon at the time of the alleged crime. [Doc. 61, Trial transcript at 126]. Although the court charges state that the indictment would be sent back to the jury room, there is no indication that the jury was given an unredacted copy of the indictment. Thus, counsel was not ineffective for failing to object to the indictment.

9

Sagoes also argues that counsel was ineffective for failing to object at sentencing and on appeal to the district court's reliance on Sagoes's prior drug and burglary convictions as predicate offenses for purposes of establishing Sagoes's status as an Armed Career Criminal, or for failing to require the district court to specify the convictions on which it was relying to establish that Sagoes was an Armed Career Criminal.

However, it is clear that counsel could not have prevented Sagoes from being classified as an Armed Career Criminal. At the time that he was sentenced, Sagoes had burglary convictions in May 1981, December 1984, February 1985, and December 1985, and a May 2005 conviction for aggravated assault. [PSR ¶¶ 28-31, 41]. He also had two convictions for possession with intent to distribute cocaine in July 1992 and January 2008. [PSR ¶¶ 34, 42]. Sagoes argues that his counsel should have argued that his prior drug conviction did not qualify as a predicate offense because it was not a crime of violence. However, serious drug offenses qualify as predicate offenses. See 18 U.S.C. § 924(e).

Sagoes also argues that his counsel failed to recognize at sentencing and on appeal that two of his four burglary convictions were actually related cases, and thus should not have been treated as separate crimes to classify him as an Armed Career Criminal. However, the PSR rebuts this contention. The PSR sets forth the date and

10

AO 72A
(Rev.8/82)

the place burglarized for each of the burglary convictions, and each is different. (PSR ¶¶ 28-31). There is no basis to believe that the PSR was wrong. In any event, even if two of the burglary convictions were consolidated into one, Sagoes still had enough other predicate offenses to qualify as an Armed Career Criminal.

Sagoes also claims that his counsel was ineffective for failing to seek the district court's clarification as to the specific prior convictions on which it relied to establish Sagoes's status as an Armed Career Criminal, and that the district court erred by not specifiying the crimes on which it was relying. However, even if counsel and the district court committed error in not specifying the particular crimes on which the court was relying, the error was harmless because there were more than enough predicate crimes for purposes of classifying Sagoes as an Armed Career Criminal.

In his supplemental petition, Sagoes contends that his counsel was ineffective in failing to object to his alleged predicate offenses that occurred before 1988 because the Armed Career Criminal Act, 18 U.S.C. § 924(e), was not enacted until 1988. However, the Supreme Court has rejected a similar argument about enhanced sentencing statutes. See Gryger v. Burke, 334 U.S. 728, 732 (1948). The Eleventh Circuit and other courts have rejected this type of challenge specifically with respect to § 924(e). See United States v. Reynolds, 215 F.3d 1210, 1212-13 (11th Cir. 2000) (rejecting Ex post Facto argument and affirming use of pre-1988 convictions to

11

establish armed career criminal enhancement); United States v. Calloway, No. 92-4272, 1993 WL 386790, *2-3 (6th Cir. 1993) ("Section 924(e) imposes no limit on the age of a conviction that can be used for enhancement purposes . . ."); United States v. Blankenship, 923 F.2d 1110, 1118 (5th Cir. 1991) (finding that section 924(e) permits sentence enhancement based on previous felony burglary convictions that were at least 25 years old).

Also in his supplemental petition, Sagoes argues that his counsel was ineffective in not requesting a bifurcated trial in which the jury would decide whether his prior convictions qualified as predicate offenses, and the trial court committed plain error in not requiring a jury determination of the predicate offenses. This argument is without merit because Eleventh Circuit precedent establishes that the district court may find the facts necessary to determine that a prior conviction was a predicate offense for purpose of classifying an individual as an Armed Career Criminal. See United States v. Greer, 440 F.3d 1267, 1275 (11th Cir. 2006). Therefore, Sagoes's argument is without merit.

### E. Alleged Trial Court Error

Sagoes contends that the trial court erred by preventing his counsel from questioning Officer Vayens about impeachment evidence known to the defense. Officer Vayens testified as a defense witness. There was a pending internal

12

investigation as to whether Officer Vayens had made a false police report in an unrelated matter. [Doc. 61, Trial Tr. at 180]. However, the district court did not prevent counsel from questioning Officer Vayens on this subject. [Id.]. Thus, the alleged error did not exist.

### III. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Sagoes has failed to make a substantial showing of the denial of a constitutional right. Sagoes's grounds for relief are without merit. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

### IV. CONCLUSION

13

Based on the foregoing, **I RECOMMEND** that Sagoes's motion to vacate sentence [Doc. 69] be **DENIED**.

**I ORDER** that Sagoes's "Motion to Forgo Government's Response to Plaintiff's § 2255 Motion and Proceed to the Court for a Ruling" [Doc. 75] (which I construe as a motion for default judgement) is **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 27th day of March, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)