IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY SAGOES, | CRIMINAL NO. |
| | 1:09-CR-49-JEC-GGB |
| Movant, | |
| | CIVIL ACTION NO. |
| v. | 1:11-CV-1188-JEC-GGB |
| | |
| UNITED STATES OF AMERICA, | MOTION TO VACATE |
| | 28 U.S.C. § 2255 |
| Respondent. | |

## O R D E R   &   O P I N I O N

This action is before the Court on Movant's 28 U.S.C. § 2255 Motion to Vacate Sentence [69], Magistrate Judge Brill's Report and Recommendation ("R&R") [76] recommending that the Court **DENY** the motion, and Movant's Objections to the R&R [77]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a careful, *de novo* review of Judge Brill's legal conclusions and to those portions of the R&R to which Movant objected. The Court has reviewed the remainder of the R&R for clear error. For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R [76] and **DENIES** the Motion to Vacate Sentence [69].

## BACKGROUND

Judge Brill accurately summarized the procedural history and factual background of this motion, and the Court **ACCEPTS** and **ADOPTS** her detailed description of the facts surrounding Movant's conviction

and sentencing.[1]  (R&R [76] at 2-5.)  Briefly, Movant was indicted in February, 2009 on one count charging him with possession of a firearm by a convicted felon in violation of §§ 922(g)(1) and 924(e).  (*Id.* at 2.)  The firearm was found in Movant's bedroom while Atlanta police officers were executing a search warrant for crack cocaine and other evidence of drug trafficking at the residence.  (*Id.*)  During the search, Movant told ATF agents and signed a written statement to the effect that he was holding the firearm for a friend.  (*Id.*)

After a two-day jury trial, Movant was convicted of the firearm charge in August, 2009.  (*Id.* at 3.)  He was sentenced to 216 months, to be followed by 5 years of supervised release.  (R&R [76] at 3.)  The sentence reflected a downward departure from the guideline range of 235 to 293 months, with a mandatory minimum of 15 years as a result of Movant's status as an Armed Career Criminal under § 924(e).  (*Id.*)  The sentence and conviction were affirmed on direct appeal to the Eleventh Circuit, and the Supreme Court denied certiorari.  (*Id.*)  At every stage of the proceedings, Movant was represented by Allison Dawson of the Federal Defender Program.  (*Id.* at 2.)

Movant has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and a related supplement.  (Mot. to Vacate [69] and Supplement [71].)  In support of his motion to vacate, Movant

---

[1]  Neither party objected to Judge Brill's statement of the procedural history and factual background.

2

contends that Ms. Dawson provided ineffective assistance at trial and on appeal, and that the Court committed constitutional error during the trial and at sentencing. (*Id.*) The government submitted a late response to Movant's initial motion, and failed to respond to the supplement although the Court directly ordered it to do so. (Gov't's Resp. [73] and R&R [76] at 4.) Nevertheless, Judge Brill was able to address and issue a recommended ruling on all of the issues raised by Movant in both filings. (R&R [76] at 4.) As indicated above, Movant filed timely objections to the R&R. (Movant's Objections [77].)

<u>**DISCUSSION**</u>

Section 2255 provides for relief from a federal sentence under certain narrowly proscribed circumstances. *See* 28 U.S.C. § 2255 and *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)(§ 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice"). To prevail on a § 2255 motion, a prisoner generally must show that his sentence: (1) violates the Constitution, (2) was imposed in the absence of the sentencing court's jurisdiction, or (3) reflects a "'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bido v. United States,* 438 F. App'x 746, 748 (11th Cir. 2011)(quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

AO 72A
(Rev.8/82)

Movant's § 2255 claims are based on the alleged constitutional errors of Ms. Dawson and this Court. (Mot. to Vacate [69] and Supplement [71].) Judge Brill helpfully divided those claims into the following categories: (1) ineffective assistance in connection with the search warrant that resulted in the recovery of the firearm, (2) ineffective assistance in connection with incriminating statements Movant made during the search, (3) ineffective assistance in connection with the predicate convictions used to enhance Movant's sentence under § 924(e), and (4) trial court errors in restricting the questioning of Officer Vayens and failing to conduct a bifurcated trial to allow the jury to determine whether Movant's prior convictions qualified as predicate offences. (R&R [76] at 6.) She then concluded that none of the claims in the described categories warrant relief under § 2255. (*Id.* at 6-13.) For the reasons discussed below, the Court agrees with Judge Brill's conclusion and **ACCEPTS** and **ADOPTS** her recommendation to **DENY** the motion.

I.   **MOVANT'S DEFAULT ARGUMENT**

As a preliminary matter, the Court addresses Movant's procedural argument that his § 2255 motion should be granted as a result of the government's failure to respond to his supplement as ordered by the Court. Movant hinted at this argument in his "Motion to Forgo Government's Response" [75]. In his Objections to the R&R, Movant more explicitly seeks a default judgment against the United States as

4

a result of its failure to properly respond and to comply with the Court's orders. (Objections [77] at 1-2.)

Judge Brill recognized that the Government responded late to Movant's initial motion, and failed to respond at all to Movant's supplement in spite of a direct order to do so. (R&R [76] at 4.) She nevertheless concluded that she could, and should, address all of the claims raised by Movant based on the materials available to her, albeit without the benefit of the Government's response. (*Id.*) She therefore denied the "Motion to Forgo Government's Response" [75], and issued a recommended ruling on the merits of Movant's claims. (*Id.* at 6-13.)

The Court approves of Judge Brill's approach. Of course, it would have been helpful to have the Government's response to Movant's supplement. However, a default judgment is not contemplated in the context of a § 2255 motion, and is never available against the United States unless the claimant produces sufficient evidence to substantiate his claim on the merits. *See Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1987) and FED. R. CIV. P. 55(d). Moreover, a default would be inappropriate in this case because the Government did in its initial response generally oppose the relief sought by Movant under § 2255. (Gov't's Resp. [73].) Finally, the Court agrees with Judge Brill that the existing record is sufficient to rule on all of Movant's claims.

## II.   <u>INEFFECTIVE ASSISTANCE CLAIMS</u>

Movant's ineffective assistance claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson,* 595 F.3d 1245, 1249 (11th Cir. 2010).  To prevail on these claims, Movant must show that his counsel's performance was both deficient and prejudicial.  *Morton v. Sec'y, Fl. Dep't of Corr.,* 684 F.3d 1157, 1166 (11th Cir. 2012).  Deficient performance occurs when "'counsel's representation [falls] below an objective standard of reasonableness . . . under prevailing professional norms.'"  *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)).  In ruling on the deficiency prong, there is a strong presumption that counsel "'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  *Id.* (quoting *Strickland*, 466 U.S. at 690).  To establish prejudice, Movant must prove that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694.

### A.   <u>Search Warrant</u>

The search warrant that resulted in the recovery of the firearm at issue in this case was supported by an affidavit from Atlanta Police Officer Vayens.  (R&R [76] at 7.)  In the affidavit, Vayens stated that four separate citizens had reported that drugs were being sold out of Movant's residence, causing Vayens to conduct

6

surveillance on the residence. (*Id.*) During the surveillance, Vayens observed numerous individuals enter the residence and leave after only a few minutes, as well as what he believed to be a hand-to-hand drug sale being conducted through the front door. (*Id.*) According to Vayens, a reliable confidential source subsequently made several drug buys from Movant's residence. (*Id.*)

Movant contends that Ms. Dawson was ineffective for failing to investigate the veracity of the facts supporting the search warrant and to move for suppression of the evidence gathered during execution of the warrant. (Mot. to Vacate [69] at 1.) In support of this contention, Movant claims that he told Ms. Dawson that he "never sold any types of illegal drugs to anybody" and specifically not to any confidential sources. (*Id.*) Apparently Movant's theory is that his own denial of conducting drug activity from the house should have alerted Ms. Dawson to the likelihood that the facts in the affidavit had been fabricated. (*Id.*)

As Judge Brill noted, the search warrant does not state that Movant himself was selling drugs. (R&R [76] at 8.) The warrant was based more generally on observed drug trafficking activity at the residence. (*Id.*) When the warrant was executed, Movant was one of approximately thirty people in and around the residence, and a search revealed crack cocaine, marijuana, scales and empty plastic baggies throughout the residence. (*Id.*) So while it may be true that Movant

was not personally selling drugs, that fact does not negate Vayens'
statement that he observed drug activity at the residence and that a
confidential source bought drugs there on two occasions. (*Id.*)

Under the circumstances, Movant's conclusory denials of any
personal drug activity were insufficient to put Ms. Dawson on notice
of the possibility that Vayens fabricated the facts supporting the
search warrant. Movant offers no other basis upon which Ms. Dawson
could have challenged the search warrant. Her tactical decision to
focus on other issues during her pretrial investigation and at trial
was well within the "wide range of professionally competent
assistance." *Strickland,* 466 U.S. at 690.

B.    **Incriminating Statements**

When the Atlanta officers arrived at Movant's residence, Officer
Vayens handcuffed Movant and asked him if there were any weapons or
drugs in the house. (R&R [76] at 2.) Movant responded that there
might be a toy gun. (*Id.*) Vayens then asked Movant where his
bedroom was located. (*Id.*) Movant said that it was in the right
rear of the house. (*Id.*) During this exchange, Vayens spoke to
Movant for less than a minute without advising him of his *Miranda*
rights. (*Id.*)

When the officers subsequently searched the residence, they
found the drugs and drug paraphernalia mentioned above, as well as
the firearm that Movant was charged with possessing. (R&R [76] at

8

2.)  Upon finding the firearm, the officers contacted the ATF.  (*Id.*)
ATF agents then Mirandized and interviewed Movant.  (*Id.*)  During the
interview, Movant told the agents and signed a statement to the
effect that he had been holding the firearm for a friend.  (*Id.*)

Prior to trial, Ms. Dawson filed a motion to suppress Movant's
statements to Officer Vayens and to the ATF agents.  (*Id.* at 3.)
During a hearing on the motion, the Government indicated that it did
not intend to use Movant's statement to Vayens, but that it did
intend to use his subsequent Mirandized statement to the ATF agents.
(Suppression Hr'g Tr. [27] at 3-4.)  Following the hearing, Judge
Brill submitted an R&R recommending that the Court deny the motion to
suppress the ATF statements.  (R&R [76] at 3.)  The Court adopted the
R&R, and the statements were entered into evidence and discussed by
ATF Agent Joseph during his trial testimony.  (Order [52] and Trial
Tr. [60], Vol. 1 at 134-147.)

Movant now contends that Ms. Dawson provided ineffective
assistance by advising him against testifying at the suppression
hearing and failing, in unspecified ways, to properly prepare for the
hearing.  (R&R [76] at 8.)  As Movant does not even generally
describe the nature of his unpresented testimony, it is impossible to
determine whether the testimony would have changed the outcome of the
suppression hearing or, ultimately, his trial.  *Strickland,* 466 U.S.
at 694.  As to Ms. Dawson's preparation, the Court has reviewed the

9

transcript of the suppression hearing and easily concludes that Ms. Dawson's advocacy on this issue conforms to "prevailing professional norms." *Morton,* 684 F.3d at 1166.   Movant's ineffective assistance claims based on Ms. Dawson's handling of his incriminating statements are thus meritless.

### C.   § 924(e) Predicate Offenses

As discussed above, Movant was sentenced in accordance with the Armed Career Criminal Act, 18 U.S.C. § 924(e).   (R&R [76] at 3.) That statute provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years.

18 U.S.C. § 924(e).   The indictment against Movant listed six felony convictions, including three burglary convictions and one conviction for possession of cocaine with intent to distribute.   (R&R [76] at 9.)

Movant asserts numerous ineffective assistance claims related to his sentence enhancement under § 924(e).   (Mot. to Vacate [69] at 2-4 and Supplement [71] at 2.)   Many of these claims are legally insupportable and invalid on their face.   For example, Movant contends that Ms. Dawson should have argued that his prior drug conviction did not qualify as a predicate offense under § 924(e)

10

because it was not a "crime of violence." (Mot. to Vacate [69] at 4.) Under the plain language of the statute, serious drug convictions qualify as predicate offenses regardless of whether they also constitute "crimes of violence." 18 U.S.C. § 924(e)(1). Movant also argues that Ms. Dawson should have: (1) requested a bifurcated trial so the jury could determine whether his predicate offenses qualified under § 924(e), and (2) objected to the use of his burglary convictions that occurred before 1988, the year that the Armed Career Criminal Act was enacted. (*Id.* at 2 and Supplement [71] at 2.) Binding Eleventh Circuit authority precludes both of these arguments. *See United States v. Reynolds,* 215 F.3d 1210, 1212-13 (11th Cir. 2000)(affirming the use of pre-1988 convictions to enhance a sentence under the ACCA) and *United States v. Greer,* 440 F.3d 1267, 1275 (11th Cir. 2006)(a jury is not required to find the facts necessary to establish predicate offenses for purposes of § 924(e)).

Movant's remaining claims in this category are not supported by the record. Movant argues that Ms. Dawson was ineffective for failing to object to the indictment because it listed his prior convictions. (Mot. to Vacate [69] at 2-3.) According to Movant, the indictment prejudiced him and invaded the province of the jury. (*Id.*) However, it is clear from the record that the jury did not know the number or nature of Movant's prior charges. The parties stipulated that Movant was a felon at the time of the alleged crime.

11

(R&R [76] at 9.)   The indictment that was sent back to the jury room was redacted to remove any information about Movant's prior convictions.  (Trial Tr. [61], Vol. 2 at 198-199.)   In addition, the jury was instructed that Movant's prior convictions were not evidence that he "possessed" the firearm recovered from his residence.  (*Id.* at 233.)

Movant also contends that Ms. Dawson was ineffective at sentencing for failing to:  (1) require that the Court clarify which prior convictions it considered to be predicate offenses under § 924(e), and (2) realize that two of his prior burglaries were related cases and should not have counted separately.  (Mot. to Vacate [69] at 4.)  During the sentencing hearing, the Court did in fact clarify that it was relying on Movant's three prior burglaries and his conviction for possession with intent to distribute cocaine as predicate offenses.  (Sentencing Tr. [62] at 17.)   And the pre-sentence report ("PSR") indicates that Movant's three prior burglaries were separate offenses, that occurred at different locations and on different dates.  (PSR at §§ 28-31.)  There is no basis to believe that the PSR was inaccurate on this point.  *See United States v. Proch,* 637 F.3d 1262, 1265 (11th Cir. 2011) ("Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small.").

Moreover, and as Judge Brill correctly noted, Ms. Dawson could

12

not have prevented Movant from being classified as an Armed Career Criminal even if she had raised all of the above arguments. (R&R [76] at 10.) In addition to the three burglaries listed in the indictment, at the time of his sentencing Movant had an additional burglary and two convictions for possession with intent to distribute cocaine. (*Id.*) Any three of these convictions would have supported the § 924(e) enhancement. (*Id.*) Thus, even assuming Ms. Dawson's performance was deficient, Movant cannot establish the prejudice required to prevail on his ineffective assistance claim. *See Atkins v. Singletary,* 965 F.2d 952, 959 (11th Cir. 1992)(the Court may "dispose of ineffectiveness claims on either of its two grounds").

Although it is not related to any specific claim raised by Movant, the Court is compelled by recent developments in the case law to further explain why Movant's burglary convictions qualify as predicate offenses. A "burglary" that is punishable by more than a year in prison, as is true in Georgia, may qualify as a violent felony under § 924(e) if it satisfies the definition of a "generic burglary." *Taylor v. United States*, 495 U.S. 575, 598 (1990). "Generic burglary" contains at least the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* Federal courts must apply this "uniform definition independent of the labels employed by the various States' criminal codes." *Id.* at 592.

13

The Supreme Court has developed two methods for determining whether a prior conviction meets the generic definition of burglary: the categorical approach and the modified categorical approach. *Id.* at 600. Under the categorical approach, courts "look only to the statutory definition" of the offense. *Id.* If the statutory definition is the same as, or narrower than, the generic offense, all convictions under it necessarily count as predicates and there is no need for further analysis. *Taylor*, 495 U.S. at 600.

When a burglary statute is not generic, the courts may in certain circumstances use a modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–84 (2013). This approach allows courts to look beyond the statute itself to a limited class of documents, often called *Shepard* documents, to ascertain whether the prior conviction involved a determination that the defendant was found guilty of each of the elements of generic burglary. *Id.* *See also Shepard v. United States*, 544 U.S. 13, 26 (2005)(permissible documents include the indictment, terms of the plea agreement or "some comparable judicial record of this information"). The Supreme Court recently added a wrinkle to this analysis, holding that the modified approach can only be used when the statute at issue is "divisible." *Descamps*, 133 S. Ct. at 2281–82. A statute is divisible when it "sets out one or more elements of the offense in the alternative-for example, stating that

14

burglary involves entry into a building *or* an automobile." *Id.* at 2281 (emphasis added).  By contrast, a statute is indivisible if it contains "a single, indivisible set of elements." *Id.* at 2282.  If a non-generic statute is indivisible, the categorical approach does not apply and that is the end of the inquiry. *United States v. Howard,* 742 F.3d 1334, 1346 (11th Cir. 2014)(applying *Descamps*).  In that case, the prior conviction cannot qualify as a predicate offense "regardless of what any *Shepard* documents may show." *Id.*

Applying the analysis set forth in *Descamps* and *Howard*, Georgia's burglary statute is non-generic because it encompasses unlawful entry not just into buildings, but also into vehicles, railroad cars, watercraft, and aircraft. *See United States v. Bennett,* 472 F.3d 825, 832 (11th Cir. 2006) and O.C.G.A. § 16-7-1(c). It is also divisible, because it sets out several alternative ways to commit burglary, including the unauthorized entry into a "building, structure, vehicle, railroad car, watercraft, or aircraft." *Id.*  It is therefore appropriate to apply the modified categorical approach to determine whether Movant was convicted of generic burglary. *Descamps,* 133 S. Ct. at 2281–82.  And it is clear from the indictments that he was.  (Mot. to Vacate [69] at Ex. C.)  Each of the three indictments charges Movant with unlawful and unauthorized entry into a building and place of business with the intent to commit a theft therein.  (*Id.*)  The burglaries thus qualify as predicate

15

offenses under § 924(e).

### III. **Alleged Trial Court Errors**

In addition to his ineffective assistance claims, Movant alleges several instances of constitutional error by this Court at trial and during sentencing. (Mot. to Vacate [69] at 5 and Supplement [71] at 2.) Most of the alleged errors are related to, and rejected for the same reasons as, the claims asserted above. For example, Movant argues that the Court erred in failing to conduct a bifurcated trial so that the jury could determine whether there were sufficient predicate offenses to classify him as an Armed Career Criminal. (*Id.*) As discussed, bifurcation was not required. *Greer,* 440 F.3d at 1275. Movant also argues that the Court erred in failing to dismiss the indictment listing his prior convictions. Again, it is clear from the record that the jury never learned the number or nature of Movant's prior charges, and jury members were instructed that Movant's prior convictions were not evidence of his guilt in the case before them. (R&R [76] at 9 and Trial Tr. [61], Vol. 2 at 233.)

The only remaining claim of trial court error concerns the testimony of Officer Vayens. According to Movant, the Court erred by preventing his counsel from questioning Officer Vayens about impeachment evidence known to the defense. (Mot. to Vacate [69] at 5.) When Vayens testified, there was a pending internal investigation concerning an allegation that he had made a false

16

police report in an unrelated matter. (R&R [76] at 13.) However, the Court did not prevent Ms. Dawson from questioning Vayens on this subject. (Trial Tr. [61], Vol. 2 at 180-81.) Prior to calling Vayens, Ms. Dawson indicated that she did not necessarily plan to question him about the investigation, but she reserved the right to do so depending on the officer's demeanor and response to her questions. (*Id.* at 181.) The Court agreed to leave the issue open. (*Id.*) Thus, the error alleged by Movant does not exist.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R [76] and **DENIES** Movant's 28 U.S.C. § 2255 Motion to Vacate Sentence [69]. In accordance with Judge Brill's recommendation, the Court also **DENIES** a certificate of appealability.


SO ORDERED, this 28th day of April, 2014.



/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY SAGOES,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

CRIMINAL NO.
1:09-CR-49-JEC-GGB

CIVIL ACTION NO.
1:11-CV-1188-JEC-GGB

MOTION TO VACATE
28 U.S.C. § 2255

## O R D E R   &   O P I N I O N

This action is before the Court on Movant's 28 U.S.C. § 2255 Motion to Vacate Sentence [69], Magistrate Judge Brill's Report and Recommendation ("R&R") [76] recommending that the Court **DENY** the motion, and Movant's Objections to the R&R [77].  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a careful, *de novo* review of Judge Brill's legal conclusions and to those portions of the R&R to which Movant objected.  The Court has reviewed the remainder of the R&R for clear error.  For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R [76] and **DENIES** the Motion to Vacate Sentence [69].

## BACKGROUND

Judge Brill accurately summarized the procedural history and factual background of this motion, and the Court **ACCEPTS** and **ADOPTS** her detailed description of the facts surrounding Movant's conviction

and sentencing.[1]  (R&R [76] at 2-5.)  Briefly, Movant was indicted in February, 2009 on one count charging him with possession of a firearm by a convicted felon in violation of §§ 922(g)(1) and 924(e).  (*Id.* at 2.)  The firearm was found in Movant's bedroom while Atlanta police officers were executing a search warrant for crack cocaine and other evidence of drug trafficking at the residence.  (*Id.*)  During the search, Movant told ATF agents and signed a written statement to the effect that he was holding the firearm for a friend.  (*Id.*)

After a two-day jury trial, Movant was convicted of the firearm charge in August, 2009.  (*Id.* at 3.)  He was sentenced to 216 months, to be followed by 5 years of supervised release.  (R&R [76] at 3.)  The sentence reflected a downward departure from the guideline range of 235 to 293 months, with a mandatory minimum of 15 years as a result of Movant's status as an Armed Career Criminal under § 924(e). (*Id.*)  The sentence and conviction were affirmed on direct appeal to the Eleventh Circuit, and the Supreme Court denied certiorari.  (*Id.*) At every stage of the proceedings, Movant was represented by Allison Dawson of the Federal Defender Program.  (*Id.* at 2.)

Movant has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and a related supplement.  (Mot. to Vacate [69] and Supplement [71].)   In support of his motion to vacate, Movant

---

[1]   Neither party objected to Judge Brill's statement of the procedural history and factual background.

2

contends that Ms. Dawson provided ineffective assistance at trial and on appeal, and that the Court committed constitutional error during the trial and at sentencing. (*Id.*) The government submitted a late response to Movant's initial motion, and failed to respond to the supplement although the Court directly ordered it to do so. (Gov't's Resp. [73] and R&R [76] at 4.) Nevertheless, Judge Brill was able to address and issue a recommended ruling on all of the issues raised by Movant in both filings. (R&R [76] at 4.) As indicated above, Movant filed timely objections to the R&R. (Movant's Objections [77].)

<u>**DISCUSSION**</u>

Section 2255 provides for relief from a federal sentence under certain narrowly proscribed circumstances. *See* 28 U.S.C. § 2255 and *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)(§ 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice"). To prevail on a § 2255 motion, a prisoner generally must show that his sentence: (1) violates the Constitution, (2) was imposed in the absence of the sentencing court's jurisdiction, or (3) reflects a "'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bido v. United States,* 438 F. App'x 746, 748 (11th Cir. 2011)(quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

3

Movant's § 2255 claims are based on the alleged constitutional errors of Ms. Dawson and this Court.  (Mot. to Vacate [69] and Supplement [71].)  Judge Brill helpfully divided those claims into the following categories:  (1) ineffective assistance in connection with the search warrant that resulted in the recovery of the firearm, (2) ineffective assistance in connection with incriminating statements Movant made during the search, (3) ineffective assistance in connection with the predicate convictions used to enhance Movant's sentence under § 924(e), and (4) trial court errors in restricting the questioning of Officer Vayens and failing to conduct a bifurcated trial to allow the jury to determine whether Movant's prior convictions qualified as predicate offences.  (R&R [76] at 6.)  She then concluded that none of the claims in the described categories warrant relief under § 2255.  (*Id.* at 6-13.)  For the reasons discussed below, the Court agrees with Judge Brill's conclusion and **ACCEPTS** and **ADOPTS** her recommendation to **DENY** the motion.

## I.   MOVANT'S DEFAULT ARGUMENT

As a preliminary matter, the Court addresses Movant's procedural argument that his § 2255 motion should be granted as a result of the government's failure to respond to his supplement as ordered by the Court.  Movant hinted at this argument in his "Motion to Forgo Government's Response" [75].  In his Objections to the R&R, Movant more explicitly seeks a default judgment against the United States as

4

a result of its failure to properly respond and to comply with the Court's orders.  (Objections [77] at 1-2.)

Judge Brill recognized that the Government responded late to Movant's initial motion, and failed to respond at all to Movant's supplement in spite of a direct order to do so.  (R&R [76] at 4.) She nevertheless concluded that she could, and should, address all of the claims raised by Movant based on the materials available to her, albeit without the benefit of the Government's response.  (*Id.*) She therefore denied the "Motion to Forgo Government's Response" [75], and issued a recommended ruling on the merits of Movant's claims. (*Id.* at 6-13.)

The Court approves of Judge Brill's approach.  Of course, it would have been helpful to have the Government's response to Movant's supplement.  However, a default judgment is not contemplated in the context of a § 2255 motion, and is never available against the United States unless the claimant produces sufficient evidence to substantiate his claim on the merits.  *See Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1987) and FED. R. CIV. P. 55(d).  Moreover, a default would be inappropriate in this case because the Government did in its initial response generally oppose the relief sought by Movant under § 2255.  (Gov't's Resp. [73].)  Finally, the Court agrees with Judge Brill that the existing record is sufficient to rule on all of Movant's claims.

AO 72A
(Rev.8/82)

**II.   INEFFECTIVE ASSISTANCE CLAIMS**

Movant's ineffective assistance claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson,* 595 F.3d 1245, 1249 (11th Cir. 2010).  To prevail on these claims, Movant must show that his counsel's performance was both deficient and prejudicial.  *Morton v. Sec'y, Fl. Dep't of Corr.,* 684 F.3d 1157, 1166 (11th Cir. 2012).  Deficient performance occurs when "'counsel's representation [falls] below an objective standard of reasonableness . . . under prevailing professional norms.'"  *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)).  In ruling on the deficiency prong, there is a strong presumption that counsel "'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  *Id.* (quoting *Strickland*, 466 U.S. at 690).  To establish prejudice, Movant must prove that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

   **A.   Search Warrant**

The search warrant that resulted in the recovery of the firearm at issue in this case was supported by an affidavit from Atlanta Police Officer Vayens.  (R&R [76] at 7.)  In the affidavit, Vayens stated that four separate citizens had reported that drugs were being sold out of Movant's residence, causing Vayens to conduct

6

surveillance on the residence.  (*Id.*)  During the surveillance, Vayens observed numerous individuals enter the residence and leave after only a few minutes, as well as what he believed to be a hand-to-hand drug sale being conducted through the front door.  (*Id.*) According to Vayens, a reliable confidential source subsequently made several drug buys from Movant's residence.  (*Id.*)

Movant contends that Ms. Dawson was ineffective for failing to investigate the veracity of the facts supporting the search warrant and to move for suppression of the evidence gathered during execution of the warrant.  (Mot. to Vacate [69] at 1.)  In support of this contention, Movant claims that he told Ms. Dawson that he "never sold any types of illegal drugs to anybody" and specifically not to any confidential sources.  (*Id.*)  Apparently Movant's theory is that his own denial of conducting drug activity from the house should have alerted Ms. Dawson to the likelihood that the facts in the affidavit had been fabricated.  (*Id.*)

As Judge Brill noted, the search warrant does not state that Movant himself was selling drugs.  (R&R [76] at 8.)  The warrant was based more generally on observed drug trafficking activity at the residence.  (*Id.*)  When the warrant was executed, Movant was one of approximately thirty people in and around the residence, and a search revealed crack cocaine, marijuana, scales and empty plastic baggies throughout the residence.  (*Id.*)  So while it may be true that Movant

7

was not personally selling drugs, that fact does not negate Vayens'
statement that he observed drug activity at the residence and that a
confidential source bought drugs there on two occasions.  (*Id.*)

Under the circumstances, Movant's conclusory denials of any
personal drug activity were insufficient to put Ms. Dawson on notice
of the possibility that Vayens fabricated the facts supporting the
search warrant.  Movant offers no other basis upon which Ms. Dawson
could have challenged the search warrant.  Her tactical decision to
focus on other issues during her pretrial investigation and at trial
was well within the "wide range of professionally competent
assistance." *Strickland,* 466 U.S. at 690.

**B.   Incriminating Statements**

When the Atlanta officers arrived at Movant's residence, Officer
Vayens handcuffed Movant and asked him if there were any weapons or
drugs in the house.  (R&R [76] at 2.)  Movant responded that there
might be a toy gun.  (*Id.*)  Vayens then asked Movant where his
bedroom was located.  (*Id.*)  Movant said that it was in the right
rear of the house.  (*Id.*)  During this exchange, Vayens spoke to
Movant for less than a minute without advising him of his *Miranda*
rights.  (*Id.*)

When the officers subsequently searched the residence, they
found the drugs and drug paraphernalia mentioned above, as well as
the firearm that Movant was charged with possessing.  (R&R [76] at

8

2.)  Upon finding the firearm, the officers contacted the ATF.  (*Id*.) ATF agents then Mirandized and interviewed Movant.  (*Id*.)  During the interview, Movant told the agents and signed a statement to the effect that he had been holding the firearm for a friend.  (*Id*.)

Prior to trial, Ms. Dawson filed a motion to suppress Movant's statements to Officer Vayens and to the ATF agents.  (*Id*. at 3.) During a hearing on the motion, the Government indicated that it did not intend to use Movant's statement to Vayens, but that it did intend to use his subsequent Mirandized statement to the ATF agents. (Suppression Hr'g Tr. [27] at 3-4.)  Following the hearing, Judge Brill submitted an R&R recommending that the Court deny the motion to suppress the ATF statements.  (R&R [76] at 3.)  The Court adopted the R&R, and the statements were entered into evidence and discussed by ATF Agent Joseph during his trial testimony.  (Order [52] and Trial Tr. [60], Vol. 1 at 134-147.)

Movant now contends that Ms. Dawson provided ineffective assistance by advising him against testifying at the suppression hearing and failing, in unspecified ways, to properly prepare for the hearing.  (R&R [76] at 8.)  As Movant does not even generally describe the nature of his unpresented testimony, it is impossible to determine whether the testimony would have changed the outcome of the suppression hearing or, ultimately, his trial.  *Strickland,* 466 U.S. at 694.  As to Ms. Dawson's preparation, the Court has reviewed the

9

transcript of the suppression hearing and easily concludes that Ms. Dawson's advocacy on this issue conforms to "prevailing professional norms." *Morton,* 684 F.3d at 1166. Movant's ineffective assistance claims based on Ms. Dawson's handling of his incriminating statements are thus meritless.

### C.   § 924(e) Predicate Offenses

As discussed above, Movant was sentenced in accordance with the Armed Career Criminal Act, 18 U.S.C. § 924(e). (R&R [76] at 3.) That statute provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years.

18 U.S.C. § 924(e). The indictment against Movant listed six felony convictions, including three burglary convictions and one conviction for possession of cocaine with intent to distribute. (R&R [76] at 9.)

Movant asserts numerous ineffective assistance claims related to his sentence enhancement under § 924(e). (Mot. to Vacate [69] at 2-4 and Supplement [71] at 2.) Many of these claims are legally insupportable and invalid on their face. For example, Movant contends that Ms. Dawson should have argued that his prior drug conviction did not qualify as a predicate offense under § 924(e)

10

because it was not a "crime of violence." (Mot. to Vacate [69] at 4.)    Under the plain language of the statute, serious drug convictions qualify as predicate offenses regardless of whether they also constitute "crimes of violence." 18 U.S.C. § 924(e)(1). Movant also argues that Ms. Dawson should have: (1) requested a bifurcated trial so the jury could determine whether his predicate offenses qualified under § 924(e), and (2) objected to the use of his burglary convictions that occurred before 1988, the year that the Armed Career Criminal Act was enacted. (*Id.* at 2 and Supplement [71] at 2.) Binding Eleventh Circuit authority precludes both of these arguments. *See United States v. Reynolds,* 215 F.3d 1210, 1212-13 (11th Cir. 2000)(affirming the use of pre-1988 convictions to enhance a sentence under the ACCA) and *United States v. Greer,* 440 F.3d 1267, 1275 (11th Cir. 2006)(a jury is not required to find the facts necessary to establish predicate offenses for purposes of § 924(e)).

Movant's remaining claims in this category are not supported by the record. Movant argues that Ms. Dawson was ineffective for failing to object to the indictment because it listed his prior convictions. (Mot. to Vacate [69] at 2-3.) According to Movant, the indictment prejudiced him and invaded the province of the jury. (*Id.*) However, it is clear from the record that the jury did not know the number or nature of Movant's prior charges. The parties stipulated that Movant was a felon at the time of the alleged crime.

11

(R&R [76] at 9.)   The indictment that was sent back to the jury room was redacted to remove any information about Movant's prior convictions.   (Trial Tr. [61], Vol. 2 at 198-199.)   In addition, the jury was instructed that Movant's prior convictions were not evidence that he "possessed" the firearm recovered from his residence.   (*Id.* at 233.)

Movant also contends that Ms. Dawson was ineffective at sentencing for failing to:   (1) require that the Court clarify which prior convictions it considered to be predicate offenses under § 924(e), and (2) realize that two of his prior burglaries were related cases and should not have counted separately.   (Mot. to Vacate [69] at 4.)   During the sentencing hearing, the Court did in fact clarify that it was relying on Movant's three prior burglaries and his conviction for possession with intent to distribute cocaine as predicate offenses.   (Sentencing Tr. [62] at 17.)   And the pre-sentence report ("PSR") indicates that Movant's three prior burglaries were separate offenses, that occurred at different locations and on different dates.   (PSR at §§ 28-31.)   There is no basis to believe that the PSR was inaccurate on this point.   *See United States v. Proch,* 637 F.3d 1262, 1265 (11th Cir. 2011) ("Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small.").

Moreover, and as Judge Brill correctly noted, Ms. Dawson could

12

not have prevented Movant from being classified as an Armed Career Criminal even if she had raised all of the above arguments.  (R&R [76] at 10.)  In addition to the three burglaries listed in the indictment, at the time of his sentencing Movant had an additional burglary and two convictions for possession with intent to distribute cocaine.  (*Id.*)  Any three of these convictions would have supported the § 924(e) enhancement.  (*Id.*)  Thus, even assuming Ms. Dawson's performance was deficient, Movant cannot establish the prejudice required to prevail on his ineffective assistance claim.  *See Atkins v. Singletary,* 965 F.2d 952, 959 (11th Cir. 1992)(the Court may "dispose of ineffectiveness claims on either of its two grounds").

Although it is not related to any specific claim raised by Movant, the Court is compelled by recent developments in the case law to further explain why Movant's burglary convictions qualify as predicate offenses.  A "burglary" that is punishable by more than a year in prison, as is true in Georgia, may qualify as a violent felony under § 924(e) if it satisfies the definition of a "generic burglary."  *Taylor v. United States*, 495 U.S. 575, 598 (1990).  "Generic burglary" contains at least the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  *Id.*  Federal courts must apply this "uniform definition independent of the labels employed by the various States' criminal codes."  *Id.* at 592.

13

The Supreme Court has developed two methods for determining whether a prior conviction meets the generic definition of burglary: the categorical approach and the modified categorical approach. *Id.* at 600. Under the categorical approach, courts "look only to the statutory definition" of the offense. *Id.* If the statutory definition is the same as, or narrower than, the generic offense, all convictions under it necessarily count as predicates and there is no need for further analysis. *Taylor,* 495 U.S. at 600.

When a burglary statute is not generic, the courts may in certain circumstances use a modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–84 (2013). This approach allows courts to look beyond the statute itself to a limited class of documents, often called *Shepard* documents, to ascertain whether the prior conviction involved a determination that the defendant was found guilty of each of the elements of generic burglary. *Id. See also Shepard v. United States*, 544 U.S. 13, 26 (2005)(permissible documents include the indictment, terms of the plea agreement or "some comparable judicial record of this information"). The Supreme Court recently added a wrinkle to this analysis, holding that the modified approach can only be used when the statute at issue is "divisible." *Descamps*, 133 S. Ct. at 2281–82. A statute is divisible when it "sets out one or more elements of the offense in the alternative-for example, stating that

14

burglary involves entry into a building *or* an automobile." *Id.* at 2281 (emphasis added).  By contrast, a statute is indivisible if it contains "a single, indivisible set of elements." *Id.* at 2282.  If a non-generic statute is indivisible, the categorical approach does not apply and that is the end of the inquiry. *United States v. Howard,* 742 F.3d 1334, 1346 (11th Cir. 2014)(applying *Descamps*).  In that case, the prior conviction cannot qualify as a predicate offense "regardless of what any *Shepard* documents may show." *Id.*

Applying the analysis set forth in *Descamps* and *Howard*, Georgia's burglary statute is non-generic because it encompasses unlawful entry not just into buildings, but also into vehicles, railroad cars, watercraft, and aircraft. *See United States v. Bennett,* 472 F.3d 825, 832 (11th Cir. 2006) and O.C.G.A. § 16-7-1(c). It is also divisible, because it sets out several alternative ways to commit burglary, including the unauthorized entry into a "building, structure, vehicle, railroad car, watercraft, or aircraft." *Id.* It is therefore appropriate to apply the modified categorical approach to determine whether Movant was convicted of generic burglary. *Descamps,* 133 S. Ct. at 2281–82.  And it is clear from the indictments that he was.  (Mot. to Vacate [69] at Ex. C.)  Each of the three indictments charges Movant with unlawful and unauthorized entry into a building and place of business with the intent to commit a theft therein.  (*Id.*)  The burglaries thus qualify as predicate

15

offenses under § 924(e).

### III. **Alleged Trial Court Errors**

In addition to his ineffective assistance claims, Movant alleges several instances of constitutional error by this Court at trial and during sentencing.  (Mot. to Vacate [69] at 5 and Supplement [71] at 2.)  Most of the alleged errors are related to, and rejected for the same reasons as, the claims asserted above.  For example, Movant argues that the Court erred in failing to conduct a bifurcated trial so that the jury could determine whether there were sufficient predicate offenses to classify him as an Armed Career Criminal. (*Id.*)  As discussed, bifurcation was not required.  *Greer,* 440 F.3d at 1275.  Movant also argues that the Court erred in failing to dismiss the indictment listing his prior convictions.  Again, it is clear from the record that the jury never learned the number or nature of Movant's prior charges, and jury members were instructed that Movant's prior convictions were not evidence of his guilt in the case before them.  (R&R [76] at 9 and Trial Tr. [61], Vol. 2 at 233.)

The only remaining claim of trial court error concerns the testimony of Officer Vayens.  According to Movant, the Court erred by preventing his counsel from questioning Officer Vayens about impeachment evidence known to the defense.  (Mot. to Vacate [69] at 5.)  When Vayens testified, there was a pending internal investigation concerning an allegation that he had made a false

16

police report in an unrelated matter. (R&R [76] at 13.) However, the Court did not prevent Ms. Dawson from questioning Vayens on this subject. (Trial Tr. [61], Vol. 2 at 180-81.) Prior to calling Vayens, Ms. Dawson indicated that she did not necessarily plan to question him about the investigation, but she reserved the right to do so depending on the officer's demeanor and response to her questions. (*Id.* at 181.) The Court agreed to leave the issue open. (*Id.*) Thus, the error alleged by Movant does not exist.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R [76] and **DENIES** Movant's 28 U.S.C. § 2255 Motion to Vacate Sentence [69]. In accordance with Judge Brill's recommendation, the Court also **DENIES** a certificate of appealability.

SO ORDERED, this 28th day of April, 2014.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

17